TODD KIM
Assistant Attorney General
S. JAY GOVINDAN, Section Chief
MEREDITH L. FLAX, Deputy Section Chief
MAGGIE B. SMITH (WA Bar No. 45628)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
7600 Sand Point Way, NE
Seattle, Washington 98155
Telephone: 202-598-3088/ Fax: 202-305-0275
Email: maggie.smith@usdoj.gov

NICHOLAS VASSALLO
United States Attorney
C. LEVI MARTIN (WY Bar No. 6-3781)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003
Telephone: 307-772-2124
Email: christopher.martin@usdoj.gov

*Attorneys for Respondents*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AMERICAN WILD HORSE CAMPAIGN, et al.,<br><br>Petitioners,<br><br>v.<br><br>TRACY STONE-MANNING, et al.,<br><br>Respondents,<br><br>and<br><br>STATE OF WYOMING,<br><br>Intervenor,<br><br>and<br><br>ROCK SPRINGS GRAZING ASSOCIATION,<br><br>Intervenor. | Civil Nos. 2:23-cv-84-NDF (Lead); 2:23-cv-87-NDF (Joined); 2:23-cv-117-NDF (Joined) |

| | |
|---|---|
| RETURN TO FREEDOM, et al.,<br><br>                      Petitioners,<br><br>        v.<br><br>DEB HAALAND, et al.,<br><br>                      Respondents. | |
| FRIENDS OF ANIMALS,<br><br>                      Petitioner,<br><br>        v.<br><br>DEB HAALAND, et al.,<br><br>                      Respondents. | |

**FEDERAL RESPONDENTS' RESPONSE IN OPPOSITION TO PETITIONERS' "EXPEDITED MOTION TO COMPEL THE PRODUCTION OF A PRIVILEGE LOG"**

# TABLE OF CONTENTS

**PAGE**

PROCEDURAL BACKGROUND & STANDARD OF REVIEW ............................................... 1

ARGUMENT ........................................................................................................................... 2

   I.    The text and history of the APA show that deliberative documents are not part of the "whole record." ............................................................................................................ 4

   II.   The Supreme Court has repeatedly held that courts should review the agency's stated reasoning and not probe its mental processes. ..................................................... 5

   III.   Looking to the text of the APA and Supreme Court precedent, the courts of appeals have found that deliberative documents are not part of the AR. .................................... 6

   IV.   BLM complied with the Local Rules and is not required to provide a privilege log. ....... 9

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE(S)**

*Bar MK Ranches v. Yuetter*,
   994 F.2d 735 (10th Cir. 1993) ............................................................................. 2, 4

*Biden v. Texas*,
   142 S. Ct. 2528 (2022) ........................................................................................... 5

*Blue Mountains Biodiversity Project v. Jeffries*,
   72 F.4th 991 (9th Cir. 2023) ........................................................................ 6, 7, 10

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
   401 U.S. 402 (1971) ............................................................................................ 5, 7

*Colorado v. Spellmon*,
   No. 18-cv-03258-CMA, 2023 WL 2402923 (D. Colo. Mar. 7, 2023) ................... 8, 9

*Comprehensive Cmty. Dev. Corp. v. Sebelius*,
   890 F. Supp. 2d 305 (S.D.N.Y. 2012) .................................................................... 8

*Cooling Water Intake Structure Coal. v. EPA*,
   905 F.3d 49 (2d Cir. 2018) ..................................................................................... 7

*Cross-Valiant Cellular P'ship v. U.S. Dep't of Agric.*,
   20-cv-344-RAW, 2021 WL 3172924 (E.D. Okla. July 26, 2021) ............................ 8

*Ctr. for Biological Diversity v. Norton*,
   336 F. Supp. 2d 1155 (D.N.M. 2004) .................................................................... 3

*Ctr. for Native Ecosystems v. Salazar*,
   711 F. Supp. 2d 1267 (D. Colo. 2010) ................................................................... 2

*Dep't of Com. v. New York*,
   139 S. Ct. 2551 (2019) ........................................................................................... 5

*Fourth Corner Credit Union v. Nat'l Credit Union Admin.*,
   No. 15-cv-01634-RM-KMT, 2016 WL 9735755 (D. Colo. Dec. 6, 2016) .............. 9

*Franklin Sav. Ass'n v. Dir., Off. of Thrift Supervision*,
   934 F.2d 1127 (10th Cir. 1991) ............................................................................. 8

*Friends of Animals v. United States Fish & Wildlife Serv.*,
   No. 4:18-cv-00053-DN-PK, 2019 WL 8137578 (D. Utah Dec. 27, 2019) .............. 8

*Hernandez v. George*,
   793 F.2d 264 (10th Cir. 1986) ............................................................................. 10

*In re Penobscot Valley Hosp.*,
   No. 19-10034, 2020 WL 6840683 (Bankr. D. Me. Oct. 23, 2020) ......................... 8

*In re Subpoena Duces Tecum Served on Off. Of Comptroller of Currency*,
   156 F.3d 1279 (D.C. Cir. 1998) ............................................................................. 6

*In re U.S. Dep't of Def. & EPA*,
   2016 WL 5845712 (6th Cir. Oct. 4, 2016) ............................................................. 7

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
   463 U.S. 29 (1983) ................................................................................................. 5

*Oceana, Inc. v. Ross*,
   920 F.3d 855 (D.C. Cir. 2019) ..................................................................... 2, 6, 10

*Osterhoudt v. Marmon Motor Co.*,
   986 F.2d 1428 (10th Cir. 1993) ........................................................................... 10

*Pitman v. United States Citizenship & Immigr. Servs.*,
  No. 2:17-cv-00166-CW-EJF, 2018 WL 3232355 (D. Utah July 2, 2018)................................. 9
*SEC v. Chenery Corp.*,
  318 U.S. 80 (1943).......................................................................................................... 5
*Tafas v. Dudas*,
  530 F. Supp. 2d 786 (E.D. Va. 2008) ........................................................................... 8
*United States v. Morgan*,
  304 U.S. 1 (1938).......................................................................................................... 5
*United States v. Morgan*,
  313 U.S. 409 (1941)...................................................................................................... 5
*Universal Camera Corp. v. NLRB*,
  340 U.S. 474 (1951)...................................................................................................... 4
*Willapoint Oysters v. Ewing,*
  *Inc.*, 174 F.2d 676 (9th Cir. 1949) .............................................................................. 4
*Wyoming v. United States Dep't of Interior*,
  No. 07-cv-0319-CAB, 2008 WL 11335191 (D. Wyo. Oct. 6, 2008) ........................... 9

## STATUTES

5 U.S.C. § 706.................................................................................................................... 2, 4

The U.S. Bureau of Land Management ("BLM") filed a 59,000-page administrative record ("AR" or "record") that contained all the evidence considered, directly or indirectly, by the decision maker in issuing the final agency actions challenged by the Petitioners in this case. The record filed by BLM did not include deliberative documents that show the agency's mental processes because those documents are not within the scope of the AR as a matter of law. Despite that voluminous and comprehensive record, Petitioners now request that the Court order BLM to produce a privilege log detailing "deliberative and other documents withheld under a privilege." ECF No. 39 at 3. Petitioners' request goes beyond mere production of a log and effectively asks the Court to order BLM to add deliberative documents to the record. This Court should decline to grant such a request because it is contrary to the text of the Administrative Procedure Act ("APA"), its legislative history, and the weight of precedent. Three courts of appeals, as well as district courts within the Tenth Circuit and beyond, have already adopted BLM's position, and found that because deliberative materials are not part of the record in the first instance, they do not need to be detailed in a privilege log. Accordingly, Petitioners' Motion should be denied.

## PROCEDURAL BACKGROUND & STANDARD OF REVIEW

BLM filed the AR on September 5, 2023. ECF No. 36. The parties conferred and filed a proposed joint scheduling order and proposed litigation plan on September 20, which the Court adopted that same day. ECF Nos. 37, 38. At Petitioners' request, the parties agreed to extend Petitioners' deadline to file AR motions. The parties' agreed-upon Scheduling Order also explicitly limits Petitioners to one motion "regarding the contents and/or scope of the Administrative Record" and explicitly stated that the filing of such a "motion will have the effect of vacating the merits briefing schedule." *Id*. Because the Motion requests that the Court expand

the AR's scope to include deliberative documents, all further deadlines are vacated.[1]

Under the APA, a court reviewing an agency's decision "review[s] the whole record or those parts of it cited by a party." 5 U.S.C. § 706. "[T]he designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993). "The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary." *Id*. "[O]n APA review," when "the agency … submit[s] proper certification that the record is complete," it "serves as [a] formal representation by the agency that it duly evaluated all predecisional documents before excluding them from the record." *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (cleaned up).  As the moving party, Petitioners bear the "burden to rebut the presumption of a complete record." *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010).

## ARGUMENT

BLM did not withhold any documents from the record on privilege grounds.[2]

---

[1] The Federal Respondents are confused by Petitioners' allegations and their decision to disregard the negotiated Scheduling Order. Petitioners had the AR for two full weeks before agreeing to the Scheduling Order and were therefore likely aware (or should have been aware) that it did not contain a privilege log. If Petitioners believed this was a "threshold" issue that must be briefed and decided separately from other record issues and on an expedited timeline, they could have asked for the schedule to incorporate those deadlines. They did not. To be clear, the Federal Respondents would not have agreed to the current schedule if they were aware of Petitioners' unsupported interpretation — that they could file multiple motions to complete the AR without vacatur of the briefing schedule. To the contrary, the Scheduling Order's provision that any record motion vacates the briefing schedule and requires the parties to meet and confer over a new schedule was critical to Federal Respondents' agreement. Petitioners' current request demonstrates why this was so important to BLM—the fourteen days suggest by Petitioners is an impossible timeline for agency personnel to conduct a privilege review and prepare a supplement, if required.

[2] Contrary to Petitioners' unsupported assertions, neither BLM, nor counsel, has ever "suggest[ed]" that BLM withheld documents based on privilege. ECF No. 39 at 5.

Accordingly, Petitioners' Motion to Compel a Privilege Log should be denied because there is nothing to log. If Petitioners' Motion is construed as a motion to complete the AR to include internal, deliberative documents (which it is), it should likewise be denied because such documents are not properly part of the AR and BLM has already produced a complete record.

At the outset, it is important to correct a fundamental misrepresentation that underlies Petitioners' Motion. Petitioners fail to acknowledge that there is a difference between internal, deliberative documents, and documents over which the agency claims deliberative process privilege. Petitioners continuously confuse the issue by insisting that BLM's exclusion of deliberative documents that show the agency's mental processes (rather than actual evidence considered by the agency) is the assertion of a privilege. It is not. If BLM is ordered to expand the scope of the AR to include these deliberative documents, it must review individual documents to determine whether to assert the deliberative process privilege over each document. If that were the case, perhaps the agency would determine that, while deliberative, a document should not be withheld under the deliberative process privilege, which requires the agency to make certain showings. *See, e.g.*, *Ctr. for Biological Diversity v. Norton*, 336 F. Supp. 2d 1155, 1159 (D.N.M. 2004) (explaining that "[t]he deliberative process privilege is construed narrowly and to qualify the privilege, the government has the burden of demonstrating 'precise and certain' reasons for preserving confidentiality of the materials at issue.").[3]

As explained below, the history and structure of the APA, principles of judicial review of

---

[3] For this reason, Petitioners' argument that requiring a privilege log "yields stunning results" because agencies supplement the record with "previously withheld documents wrongly labeled as 'privileged,'" ECF No. 39 at 9, is wrong at best and misleading at worst. Determining that a document is not part of the AR is not the same as asserting the deliberative process privilege. *Of course* some of those documents will not meet the threshold for asserting the privilege. The point is that they are also *not relevant* to APA review and not part of the AR in the first place.

agency action set forth by the Supreme Court, and well-reasoned court of appeals' precedent based on those principles all establish that deliberative materials are not a part of the AR.

## I.    The text and history of the APA show that deliberative documents are not part of the "whole record."

Petitioners assert that deliberative, internal documents are properly part of the AR and therefore must be included in the AR unless the agency claims a specific privilege. *See* ECF No. 39 at 5-7. This conflicts with the text and history of the APA, which directs a court to "review the whole record or those parts of it cited by a party," 5 U.S.C. § 706, and that the whole record includes "all documents and materials directly or indirectly considered by agency." *Bar MK Ranches*, 994 F.2d at 740. It does not include deliberative materials—such as internal memoranda and drafts.

The legislative history and precedent interpreting the "whole record" requirement reflects Congress's efforts to ensure that courts consider all the evidence, positive or negative, that underlies an agency's factual findings, not an effort to extend judicial review to the agency's internal deliberations over that evidence. *Willapoint Oysters v. Ewing, Inc.*, 174 F.2d 676, 689 (9th Cir. 1949) ("[T]he reviewing court should consider all the evidence in its measure as an integrated whole and not just the evidence favoring only one side." (quoting Senate Hearings, p. 1359) (1941)); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951) (quoting legislative history). Thus, in considering the "evidence," the whole record requirement directs a court to "take into account whatever in the record fairly detracts from its weight. *This is clearly the significance of the requirement* … that courts consider the whole record." *Universal Camera*, 340 U.S. at 488 (emphasis added). In sum, Congress extended judicial review to the "whole record" to clarify that it covered the full *evidentiary* record, on both sides. But Congress did not seek to include internal deliberative documents, which are not evidence supporting or detracting

4

from factual findings, just as a bench memorandum for a trial judge is not evidence considered

by the judge and thus forms no part of the record on appeal. Petitioners point to nothing in the

APA's history or related caselaw to support their position that the "whole record" includes

deliberative documents.

## II.    The Supreme Court has repeatedly held that courts should review the agency's stated reasoning and not probe its mental processes.

The AR's scope is bounded by the judicial review standards of the APA. A court must

"confin[e] [its] review to a judgment upon the validity of the grounds upon which the [agency]

itself based its action." *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943); *see also, e.g.*, *Motor

Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983).

Though agency "decisions are routinely informed by unstated considerations of politics, the

legislative process, public relations, interest group relations, foreign relations, and national

security concerns (among others)," it is a "settled proposition[]" that "a court may not reject an

agency's stated reasons for acting simply because the agency might also have had other unstated

reasons." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573 (2019).

Thus, it is generally "not the function of the court to probe the mental processes" of the

agency. *United States v. Morgan*, 304 U.S. 1, 18 (1938). "Just as a judge cannot be subjected to

such a scrutiny … so the integrity of the administrative process must be equally respected."

*United States v. Morgan*, 313 U.S. 409, 422 (1941). "Such inquiry into the mental processes of

administrative decisionmakers is usually to be avoided." *Citizens to Pres. Overton Park, Inc. v.

Volpe*, 401 U.S. 402, 420 (1971). Where, as here, an agency makes administrative findings at the

time of the decision and includes them in the record, *Overton Park* held that "there must be a

strong showing of bad faith or improper behavior before such inquiry may be made." *Id*; *Biden v.

Texas*, 142 S. Ct. 2528, 2546 (2022) (reiterating that the "narrow exception" to inquire into

mental processes must be based on a "strong showing of bad faith or improper behavior").

**III.    Looking to the text of the APA and Supreme Court precedent, the courts of appeals have found that deliberative documents are not part of the AR.**

Every court of appeals to issue an opinion on this question has held that deliberative documents are not part of the AR. Applying the principles set forth in Sections I and II *supra*, three circuits have rejected the Petitioners' position that deliberative materials are part of the AR and held that no privilege log is required. This Court should follow suit and deny Petitioners' Motion.

The D.C. Circuit has repeatedly ruled that "predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record." *Oceana*, 920 F.3d at 865 (cleaned up). "Agency deliberations not part of the record are deemed immaterial … because the actual subjective motivation of agency decisionmakers is immaterial as a matter of law—unless there is a showing of bad faith or improper behavior."[4] *In re Subpoena Duces Tecum Served on Off. Of Comptroller of Currency*, 156 F.3d 1279, 1279-80 (D.C. Cir. 1998).

Earlier this year, the Ninth Circuit joined the D.C. Circuit and issued an opinion holding that "[b]ecause deliberative materials are not part of the administrative record to begin with, they are not required to be placed on a privilege log." *Blue Mountains Biodiversity Project v. Jeffries*,

---

[4] Petitioners argue that the courts must review the agency's decision on whether each document was actually deliberative. ECF No. 39 at 8-10. This assertion is illogical.  The agency must make hundreds, if not thousands, of decisions about whether a particular document is relevant and should be included in the AR. Those decisions are entitled to a presumption of regularity and "[t]he federal rules do not require parties to provide logs of all documents that were not produced because they were deemed immaterial or irrelevant." *Oceana*, 920 F.3d at 865. The decisions the agency makes with respect to the relevance of deliberative documents are no different— irrelevant documents are simply not required to be logged.

72 F.4th 991, 997 (9th Cir. 2023) (quotation omitted) ("*Blue Mountains*").[5] The Ninth Circuit reached this decision based on 1) the presumption that "the whole record is ordinarily the record the agency presents"; and 2) that "[d]eliberative documents, which are prepared to aid the decision-maker in arriving at a decision, are ordinarily not relevant" to the court's assessment of the lawfulness of the agency's action. *Id*. at 996-97 (citations omitted).[6]

Finally, the Sixth Circuit also found that "[d]eliberative process materials are generally exempted from inclusion in the record in order to protect the quality of agency decisions by ensuring open and candid communications." *In re U.S. Dep't of Def. & EPA*, 2016 WL 5845712, at *2 (6th Cir. Oct. 4, 2016). While the court reviewed the identified, deliberative records submitted by petitioners, it found the deliberative materials "were properly omitted from the record" and it denied petitioners' request for a privilege log. *Id*.[7]

While the Tenth Circuit has not expressly decided this issue, its ruling on a similar issue is consistent with the precedent from its sister circuits. When considering the appropriate scope of the record in a case brought under a different statute, the Tenth Circuit concluded that review of the action in that case should be in "accordance with the APA" and determined that "[w]hile

---

[5] The Court in *Blue Mountains* recognized that "[d]istrict courts in this Circuit are split on the issue." 72 F.4th at 997. Petitioners rely heavily on the line of cases from the Ninth Circuit that support their position while neglecting to mention that those cases have since been overruled by *Blue Mountains*. ECF No. 39 at 8 & n.3. Thus, those Ninth Circuit district court opinions no longer provide a basis for granting Petitioners' Motion.

[6] The mandate in *Blue Mountains* has not issued and the plaintiffs in that case have moved the court for panel rehearing or rehearing en banc. *Blue Mountains*, No. 22-35857, Docket.

[7] The Second Circuit denied a motion to add deliberative, draft documents to an administrative record, stating that the court saw nothing "that would disturb the 'presumption of regularity' afforded to the agencies' certified record." *Cooling Water Intake Structure Coal. v. EPA*, 905 F.3d 49, 65 n.9 (2d Cir. 2018) (*quoting Overton Park*, 401 U.S. at 415). While the agency produced a privilege log in response to petitioners' motion there, the Second Circuit did not rule on whether a privilege log was generally required but it did find that the agency could exclude deliberative documents from the record. *Id*.

the [agency] has an obligation to produce for judicial review a designated administrative record, such record does not have to be needlessly elaborate[.]" *Franklin Sav. Ass'n v. Dir., Off. of Thrift Supervision*, 934 F.2d 1127, 1138-39 (10th Cir. 1991) (holding that many categories of predecisional documents are not record documents).

Petitioners state that "courts in this Circuit uniformly hold[] that federal agencies must produce privilege logs in comparable circumstances." ECF No. 39 at 1. A review of the caselaw demonstrates that is plainly incorrect. In the cases decided since the D.C. Circuit's *Oceana* decision, district courts in the Tenth Circuit diverge on whether to adopt its rationale, but the majority agree with BLM.[8] *Compare Colorado v. Spellmon*, No. 18-cv-03258-CMA, 2023 WL 2402923, at *4 (D. Colo. Mar. 7, 2023) *with Friends of Animals v. United States Fish & Wildlife Serv.*, No. 4:18-cv-00053-DN-PK, 2019 WL 8137578, at *3 (D. Utah Dec. 27, 2019) (adopting the rationale in *Oceana* and holding "[a]n agency is not required to assert a privilege or produce a privilege log in order to withhold pre-decisional, deliberative materials from the record") and *Cross-Valiant Cellular P'ship v. U.S. Dep't of Agric.*, 20-cv-344-RAW, 2021 WL 3172924, at *2 (E.D. Okla. July 26, 2021) ("Plaintiffs are not entitled to a privilege log of predecisional deliberative materials that are not a part of the administrative record.").

Further, the cases within the Tenth Circuit that ordered a privilege log are also more nuanced than Petitioners disclose. For example, even the *Spellmon* court, which rejected *Oceana's* reasoning, concluded that its ruling did not establish "a blanket rule holding that

---

[8] The case law outside the Tenth Circuit is also split. *See, e.g.*, *In re Penobscot Valley Hosp.*, No. 19-10034, 2020 WL 6840683, at *3 (Bankr. D. Me. Oct. 23, 2020) ("[T]o the extent the plaintiffs seek discovery into the defendant's deliberative, intra-agency records, that expedition is not well-founded; those materials are not a part of the administrative record."); *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012) (similar) *Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008) (similar).

privilege logs are required in every APA case," but only "that privilege logs should be required

where a party asserts a privilege." 2023 WL 2402923, at *5. BLM asserts no such privilege here.

In a pre-*Oceana* case, *Pitman v. United States Citizenship & Immigr. Servs.*, No. 2:17-cv-00166-

CW-EJF, 2018 WL 3232355, at *3 (D. Utah July 2, 2018), the court found the cases requiring a

privilege log "more persuasive," but also based its decision on its finding that the presumption of

regularity and completeness was overcome because the defendants' statements suggested they

applied the wrong standard in compiling the administrative record. Petitioners' have not asserted

that BLM applied the wrong standard in this case. In *Fourth Corner Credit Union v. Nat'l Credit

Union Admin.*, No. 15-cv-01634-RM-KMT, 2016 WL 9735755, at *2 (D. Colo. Dec. 6, 2016),

the court acknowledged that "[m]aterials reflecting an agency's internal deliberations about the

merits of matters before the agency are not properly part of an Administrative Record[]," but

ordered a privilege log because a redacted document in the record contained both "collection and

processing of evidence by the agency and deliberation by agency personnel concerning the

evidence before it."[9] *Id*. Finally, while one case in this district considered a similar argument

fifteen years ago, that court did not have the benefit of the three court of appeals decisions that

have been issued since the decision. *Wyoming v. United States Dep't of Interior*, No. 07-cv-

0319-CAB, 2008 WL 11335191, at *2 (D. Wyo. Oct. 6, 2008). Nor did that court appear to rule

on the argument presented here—that deliberative material is not part of the AR because it is not

evidence considered by the agency. *Id*.

**IV.    BLM complied with the Local Rules and is not required to provide a privilege log.**

---

[9] This is precisely the scenario in which a privilege log would be appropriate in an APA case—
when a document contains both evidence considered by the decision maker and material over
which the agency asserts a privilege. In such cases, the agency would be withholding material
under a claim of privilege and a privilege log would be required by Local Rule 83.6(b)(2).

Petitioners' contention that BLM must produce a privilege log misses a critical point. Draft, internal, or deliberative materials are not "withheld" from the record based on an assertion of privilege. Instead, they are not part of the record because, absent some showing of bad faith, they are immaterial as a matter of law. And, as set forth in *Oceana* and *Blue Mountains*, because deliberative materials are not part of the record in the first instance, they need not be listed in a privilege log. *Oceana*, 920 F.3d at 865; *Blue Mountains*, 72 F.4th at 997.

This position aligns with Local Rule 83.6(b)(2), which provides that "the agency shall provide a log describing any document(s) withheld under a claim of privilege." Local Rule 83.6 on its face applies only to assertions of privilege and is plainly inapplicable in this situation where no privilege is asserted. BLM did not withhold any documents under a claim of privilege, but produced an AR that properly excluded non-record, deliberative documents. As noted above, deliberative materials as a category are distinct from material that is protected by the deliberative process privilege. Petitioners claim to understand the Local Rule as resolving the issue of whether deliberative materials are part of the AR. Their interpretation overreads both the text and the purpose of the Local Rule. "Local rules are primarily housekeeping rules; their purpose is to facilitate operation of the court." *Hernandez v. George*, 793 F.2d 264, 266 (10th Cir. 1986); *Osterhoudt v. Marmon Motor Co*., 986 F.2d 1428 (10th Cir. 1993) (unpublished table decision) (noting that district courts have discretion to waive local rules). It would be an unusual housekeeping rule that takes a substantive position on a legal issue that is unresolved in the Tenth Circuit. Because materials reflecting BLM's internal mental processes are not part of the AR, and irrelevant to APA review, BLM need not include them on a privilege log.

## CONCLUSION

For these reasons, the Motion should be denied.

Dated: October 23, 2023

Respectfully submitted,                    TODD KIM
                                           Assistant Attorney General
                                           U.S. Department of Justice
                                           Environment & Natural Resources Division
                                           S. JAY GOVINDAN, Section Chief
                                           Wildlife & Marine Resources Section
                                           MEREDITH L. FLAX, Deputy Section
                                           Chief

                                            */s/ Maggie Baker Smith*
                                           MAGGIE BAKER SMITH, Trial Attorney
                                           (WA Bar No. 42658)
                                           Wildlife & Marine Resources Section
                                           7600 Sand Point Way, NE
                                           Seattle, Washington 98155
                                           Telephone: 202-598-3088
                                           Email: Maggie.Smith@usdoj.gov

                                           KIMBERLY A. CULLEN
                                           (DC Bar No. 888314618)
                                           Trial Attorney, Natural Resources Section
                                           P.O. Box 7611
                                           Washington, DC 20044-7611
                                           Telephone: 202-305-0503
                                           Fax: 202-305-0275
                                           Email: kimberly.cullen@usdoj.gov

                                           NICHOLAS VASSALLO
                                           United States Attorney

                                           */s/ Levi Martin*
                                           C. LEVI MARTIN
                                           Civil Chief
                                           (WY Bar No. 6-3781)
                                           P.O. Box 668
                                           Cheyenne, WY 82003-0668
                                           Telephone: 307-772-2124
                                           Email: christopher.martin@usdoj.gov

                                           *Attorneys for Federal Respondents*

11