IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AMERICAN WILD HORSE CAMPAIGN, et al., <br><br>                  Petitioners,<br><br>           v.<br><br>TRACY STONE-MANNING, et al.,<br><br>                  Respondents,<br><br>          and<br><br>STATE OF WYOMING,<br><br>                  Intervenor. | Civil Nos. 2:23-cv-84-NDF (Lead); 2:23-cv-87-NDF (Joined); 2:23-cv-117-NDF (Joined) |
| RETURN TO FREEDOM, et al.,<br><br>                  Petitioners,<br><br>           v.<br><br>DEB HAALAND, et al.,<br><br>                  Respondents. | |
| FRIENDS OF ANIMALS,<br><br>                  Petitioner,<br><br>           v.<br><br>DEB HAALAND, et al.,<br><br>                  Respondents. | |

**REPLY IN SUPPORT OF PETITIONERS' EXPEDITED MOTION TO
COMPEL THE PRODUCTION OF A PRIVILEGE LOG**

As is customary in civil litigation, including in Administrative Procedure Act ("APA") cases, Petitioners sought the modest relief of a privilege log. They did so after counsel acknowledged that the Bureau of Land Management ("BLM") excluded an untold number of "deliberative" documents from its administrative record ("AR"), and that, absent a Court Order, BLM will not identify these documents even in general terms so that Petitioners and the Court may ascertain whether BLM lawfully classified as "deliberative" these relevant documents that were considered by the agency in making its decision. In response, BLM distorts Petitioners' arguments, misconstrues the law, and fails persuasively to explain how the Court may ignore its own rules or longstanding precedent. For the following reasons, the motion should be granted.

**1.** As it pertains to the Court's Scheduling Order and the merits of the government's arguments, BLM inexcusably conflates the relief sought in this motion with the very different relief that would be sought in a subsequent motion to complete the record. *See, e.g.*, ECF No. 44 at 2 n.1 (asserting that Petitioners are attempting to file "multiple motions to complete the AR"); *id.* at 3 (asking the Court to construe this motion "as a motion to complete the AR").

By definition, a party is not able to file a motion to complete the AR *until* it knows the specific documents withheld from the AR and the alleged basis for their exclusion. This is why courts have repeatedly rejected the government's position here that a privilege log motion is tantamount to a motion to complete the AR. *See, e.g.*, *New York v. ICE*, 438 F. Supp. 3d 216, 218 (S.D.N.Y. 2020) ("Production of a privilege log does not give the Court any occasion to expand the administrative record to encompass any document not properly included; it simply allows the Court to have some oversight of the agency's assertions of privilege, the same role it would assume with respect to any other litigant."). Hence, this motion plainly does not seek to complete the AR and should have no effect on the Court's Scheduling Order; more importantly,

this renders many of BLM's cited cases inapplicable here because they *did* involve motions to complete the AR, which the government fails to acknowledge are subject to a much higher legal standard than threshold privilege log motions. *See* ECF No. 39 at 4 (listing cases).

  **2.**  BLM's position is that it may avoid identifying documents withheld from the AR merely by labeling those documents "deliberative" and refusing, on that basis, to assert any privilege at all while excluding these highly relevant documents from the AR. *See* ECF No. 44 at 3. As Judge Brimmer explained, it does not matter whether BLM actually asserts a privilege; if a document considered by the agency is not contained in the AR, the agency *must* identify it in a privilege log and the basis for its withholding. *See Wyoming v. U.S. Dep't of Interior*, No. 07-cv-0319, 2008 WL 11335191, at *2 (D. Wyo. Oct. 6, 2008) (rejecting an agency's view that it "can omit deliberative materials from the record without invoking the deliberative process privilege or producing a privilege log for those materials," because this "would prevent any court review of the agency's decision to omit certain records, and would leave parties, such as Petitioners, with no legal recourse" by "adopt[ing] a standard that would effectively bar judicial review of an agency's decision to omit certain documents from the administrative record"). Thus, an agency may not immunize itself from compliance from binding rules and precedent by simply refusing to assert a privilege for a document that *absent a privilege* must be part of the AR.

  Likewise, BLM's position impermissibly narrows the scope of "the whole record" required by the APA. 5 U.S.C. § 706. BLM attempts to carve out a massive category of documents from the AR, *see* ECF No. 44 at 4 (stating that *any* "deliberative materials—such as internal memoranda and drafts" are not part of an AR). But "[t]he complete administrative record consists of *all documents and materials directly or indirectly considered* by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) (emphasis added); *see also* Local

2

Rule 83.6(b)(1) ("[T]he record . . . is comprised of . . . all documents and materials directly or indirectly considered by the agency and/or agency decision-makers."). BLM agrees this is the correct test, *see* ECF No. 44 at 4, and does not dispute that the agency "directly or indirectly considered" purportedly "deliberative" documents in making the decision challenged in this case. Consequently, those documents are part of the "whole record" under both *Bar MK* and this Court's own definition of "the record in proceedings to review agency action," Local Rule 83.6(b)(1). Thus, BLM must include them in the AR, or it must identify each of these documents in a privilege log and establish an appropriate basis for withholding them.[1]

      3.      Petitioners have explained the obvious error in BLM's assertion that "Petitioners' request goes beyond mere production of a log and effectively asks the Court to order BLM to add deliberative documents to the record." ECF No. 44 at 1. In fact, Petitioners seek only the identification of all documents considered by BLM. A party withholding information that is otherwise discoverable or part of the AR must provide a log of such withholding, as required in all civil (including APA) litigation. *See* Fed. R. Civ. P. 26(b)(5)(A); Local Rules 34.1(c), 83.6(b)(2). Thus, as BLM acknowledges elsewhere, relief here would merely require BLM to

---

[1] BLM knowingly misstates that "the majority" of cases in this Circuit "agree with BLM," ECF No. 44 at 8; in fact, almost all cases *disagree* with BLM. *See Save the Colo. v. Spellmon*, No. 18-cv-3258, 2023 WL 2402923, at *4-5 (D. Colo. Mar 7, 2023) (noting the nationwide "growing consensus among district courts" and the nearly uniform in-Circuit authority rejecting BLM's view, including many cases in Colorado). Similarly, BLM is incorrect that "[e]very court of appeals to issue an opinion on this question" agrees with BLM's view, ECF No. 44 at 6. *See, e.g.*, *Defenders of Wildlife v. Dep't of the Interior*, No. 18-2090, slip op. at 2 (4th Cir. Feb. 5, 2019) (ordering an agency to "submit a privilege log in the event the Government withholds any documents under the guise of the deliberative process privilege (or any other privilege)"); *In re Nielsen*, No. 17-3345, slip op. at 3 (2d Cir. Dec. 27, 2017) (denying a writ of mandamus and stating that "without a privilege log, the District Court would be unable to evaluate the Government's assertions of privilege"). And, the Ninth Circuit decision cited by BLM (*Blue Mountains*) is of limited value because it is subject to an *en banc* petition and conflicts with prior Ninth Circuit precedent. *See In re United States*, 875 F.3d 1200, 1210 (9th Cir. 2017) (upholding a district court's order requiring a privilege log), *rev'd on other grounds*, 138 S. Ct. 443 (2017)).

"review individual documents to determine whether to assert the deliberative process privilege over each document," based on whether BLM believes it can "make certain showings" that agencies must satisfy to claim the qualified deliberative process privilege. ECF No. 44 at 3.

Requiring a privilege log is consistent with, and compelled by, the qualified nature of the deliberative process privilege. *See, e.g.*, *Desert Survivors v. U.S. Dep't of the Interior*, No. 16-cv-1165, 2017 WL 1549373, at *2 (N.D. Cal. May 1, 2017) ("The deliberative process privilege is a qualified privilege," and "a party may obtain disclosure of deliberative materials if it can establish that the need for the materials to allow for accurate fact-finding outweighs the government's interest in non-disclosure." (citing *FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)). There is no mechanism to ascertain whether an agency has satisfied the requirements of this qualified privilege unless a party knows the deliberative materials an agency has withheld from an AR. This only underscores the paramount need for a privilege log here.[2]

**4.** As Petitioners stressed in their motion, court oversight through a modest privilege log is essential where, as here, agencies unilaterally determine which documents are purportedly "deliberative," thereby creating a prejudicial asymmetry in which an agency may both withhold anything it deems harmful to the decision under review *and* evade any judicial supervision of that withholding. Absent a privilege log, the Court is stripped of its inherent power to ensure that the Executive Branch's decisions are reviewed based on "the whole record," rather than some carefully curated one that is designed to obscure the Court's review. 5 U.S.C. § 706.

---

[2] BLM's citation to *Franklin Sav. Ass'n v. Off. of Thrift Supervision*, 934 F.2d 1127 (10th Cir. 1991), is misplaced. There, the Tenth Circuit reversed a trial court's de novo review in an APA case that resulted in witness testimony, trial exhibits, and other extra-record evidence. *Id.* at 1139-40. The court held that "review [must] be confined to the administrative record in accordance with the APA." *Id.* Nowhere did the Tenth Circuit excuse an agency from producing a privilege log for documents relating to an agency decision that it withholds from an AR.

The troubling mischief that ensues without judicial oversight can change the outcome of a case and the record upon which it is based. A case decided by Chief Judge Du of the District of Nevada highlights "the pitfalls of deferring entirely to the agency to create its own ARs." *Bartell Ranch LLC v. McCullough*, No. 3:21-cv-80, 2022 WL 2093053, at *4 (D. Nev. June 10, 2022).

There, the same agency before this Court (BLM) "excluded some six or eight thousand documents from the initial version of the ARs as deliberative without first reviewing them," and there was no evidence the "BLM employees making these initial decisions received any training as to whether a particular document is deliberative" nor were there "audits or other review" by "BLM's counsel" to affirm that these documents were deliberative. *Id.* at *3-4. Once the court required a privilege log and thus forced BLM and its counsel to actually review these documents and determine whether they may be lawfully withheld, BLM doubled the size of its AR by including nearly *30,000 pages* of supplemental material previously withheld as "deliberative."

Where *this* agency has a pattern of excluding "deliberative" documents from ARs with no quality control in place, a privilege log is necessary to ensure BLM did not make errors here. Such oversight is even more crucial in this case, as BLM has, based on a repudiated theory of the "whole record," defied its duty to comply with the Court's binding rules, including the duty to disclose or log all deliberative materials. *See* Local Rules 83.6(b)(1), (2).

## CONCLUSION

The Court should grant the motion and order the prompt production of a privilege log.[3]

---

[3] BLM asserts that "the fourteen days suggested by Petitioners is an impossible timeline for agency personnel to conduct a privilege review and prepare a supplement," ECF No. 44 at 1 n.1. But BLM would only have to complete the first step (file a privilege log) within fourteen days; BLM would only supplement the AR if Petitioners seek and obtain relief based on the privilege log. In *Spellmon*, the government prepared a privilege log in 30 days, even though that case involved a much larger, nearly 200,000-page AR. *See Spellmon*, 2023 WL 2402923, at *6.

5

Respectfully submitted,

*/s/ William S. Eubanks II*
William S. Eubanks II
*Admitted Pro Hac Vice*
bill@eubankslegal.com

Matthew R. Arnold
*Admitted Pro Hac Vice*
matt@eubankslegal.com

EUBANKS & ASSOCIATES, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(970) 703-6060

*/s/ Leah C. Schwartz*
Leah Schwartz
Wyo. Bar. No. 7-5019
RANCK & SCHWARTZ, LLC
20 E. Simpson Avenue (FedEx/UPS)
P.O. Box 3890 (USPS)
Jackson, WY 83001
(307) 733-5130
leah@ranckschwartz.com

*Counsel for American Wild Horse Campaign et al. Petitioners*

*/s/ Stephenson D. Emery*
Stephenson D Emery
WSB #5-2321
WILLIAMS PORTER DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P O Box 10700
Casper, WY 82602
Tel: 307.265.0700
Fax: 307.266-2306
Email: semery@wpdn.net

Bruce A. Wagman
RILEY SAFER HOLMES & CANCILA LLP
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Tel: 415.275.8540
Fax: 415.275.8551

Email: bwagman@rshc-law.com

*Counsel for Petitioners Return to Freedom, Front Range Equine Rescue, Meg Frederick and Angelique Rea*

Jennifer Best
Friends of Animals, Wildlife Law Program
7500 East Arapahoe Rd., Suite 385
Centennial, CO 80112
Telephone: (720) 949-7791
jennifer@friendsofanimals.org

*Counsel for Friends of Animals*