

FILED
1:31 pm, 10/30/23
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AMERICAN WILD HORSE CAMPAIGN, et al., | |
| Petitioners, | |
| vs. | Case No.  2:23-CV-84-NDF |
| TRACY STONE-MANNING, et al., | |
| Respondents. | |

## ORDER DENYING MOTION TO COMPEL PRIVILEGE LOG

Before the Court is Petitioners' Motion to Compel a Privilege Log. (ECF No. 39). The Motion seeks expedited relief and this Court ordered an expedited briefing schedule. (ECF No. 40). Petitioners argue that Respondents have withheld documents from the administrative record and must produce a privilege log in accordance with Local Rule 83.6(b)(2). Respondents counter, stating the documents are not withheld on privilege grounds, but not part of the record to begin with. The Court, being fully advised, finds that the Motion should be denied.

### RULING OF THE COURT

"The complete administrative record consists of all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). Once designated, an administrative agency is entitled to the

presumption of administrative regularity and a court assumes it was properly designated absent clear evidence to the contrary. *Rocky Mountain Peace & Justice Center v. United States Fish and Wildlife Service*, 40 F.4th 1133, 1160 (10th Cir. 2022).

Upon reviewing the briefing, there is a foundational disagreement between the parties about the reason why no privilege log was produced. Petitioners state that Respondents have suggested deliberative documents were withheld, yet refuse to provide a privilege log. (ECF No. 39, at 2). That argument assumes documents were withheld on the basis of a claimed privilege and are otherwise required to be in the administrative record. Respondents posit the documents are not part of the record to begin with. (ECF No. 44, at 8). Rather, they are internal deliberative communications outside the scope of the administrative record.

Petitioners cite to *Save the Colorado v. Spellmon*, a District of Colorado case requiring a privilege log in similar circumstances. No. 18-cv-3258-CMA, 2023 WL 2402923 (D. Colo. Mar. 7, 2023). There, the court declined to follow *Oceana, Inc. v. Ross*, 920 F.3d 855 (D.C. Cir. 2019)—Respondents' cited case—which held deliberative predecisional documents do not require a privilege log. The *Spellmon* court refused to categorically exclude privileged documents from the administrative record. *Spellmon*, 2023 WL 2402923 at *5. Other district courts in the Circuit have followed *Oceana* and the Tenth Circuit has not directly addressed the question. *Friends of Animals v. U.S. Fish and Wildlife Serv.*, No. 4:18-cv-53-DN-PK, 2019 WL 8137578, at *3 (D. Utah Dec. 27, 2019) ("An agency is not required to assert a privilege or produce a privilege log in order to withhold pre-decisional, deliberative materials from the record.").

The *Spellmon* court's reasoning is misplaced. Its interpretation that *Oceana* holds "privileged documents are not part of the AR and therefore need not be logged" is incorrect. *Spellmon*, 2023 WL 2402923 at *5. *Oceana* only held "[a]gency deliberations not part of the record are deemed immaterial." *Oceana*, 920 F.3d at 865 (internal quotations omitted). It is relevance that excludes those documents from the record, not that the documents could be privileged. *Id.* ("The fact that the agency could also assert the deliberative process privilege over such predecisional documents does not change the analysis."). The *Spellmon* court took a broad leap interpreting *Oceana* to exclude all privileged documents from the administrative record.

A foundational requirement for a document to be included in the administrative record is that the documents were directly or indirectly considered by the decisionmaker. *Bar MK Ranches*, 994 F.2d at 739. Documents reflecting communications and deliberations between agency officials do not fit that bill as they show what was communicated, not what was relied upon. There is a material difference between full communication within an agency and documents used to formulate an opinion. On that basis, in this Court's view, *Oceania* correctly held deliberative and predecisional communications are not part of the administrative record. A privilege log is not required for irrelevant documents, only those withheld on a basis of a privilege.

Further, Petitioners make no proper showing that any documents require a privilege log. They only assert conclusory statements about their subjective belief documents were improperly withheld. Without more, an agency is entitled to the presumption of

administrative regularity and that the whole record was produced. *Rocky Mountain Peace & Justice Center*, 40 F.4th at 1160.

NOW, THEREFORE, IT IS ORDERED Petitioners' Motion to Compel is DENIED.

Dated this 30th day of October, 2023.

                                Kelly H. Rankin
                                United States Magistrate Judge