Constance E. Brooks (*pro hac vice*) cbrooks@fwlaw.com
Danielle Bettencourt (WY Bar No. 8-6782) dbettencourt@fwlaw.com
FAIRFIELD & WOODS, P.C.
1800 California Street, Suite 2600
Denver CO 80202-2645
P: (303) 894-4431 F: (303) 830-1033

Galen West (WY Bar No. 5-1453) galen.west@westlawofficepc.com
West Law Office, P.C.
P.O. Box 1020
Rock Springs, WY 82902 P: (307) 362-3300

Counsel for Respondent-Intervenor, Rock Springs Grazing Association

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| AMERICAN WLD HORSE CAMPAIGN, *et al.* <br><br>         Petitioners, <br><br> v. <br><br> TRACY STONE-MANNING, *et al.* <br><br>         Respondents, <br><br> STATE OF WYOMING, <br><br>         Intervenor, <br><br> ROCK SPRINGS GRAZING ASSN., <br><br>         Intervenor. | Civil Nos: 2:23-CV-84-KHR (Lead); 2:23-CV-87-KHR (Consolidated); 2:23-CV-117-KHR (Consolidated) <br><br> RESPONDENT-INTERVENOR ROCK SPRINGS GRAZING ASSOCIATION'S RESPONSE TO ORDER DATED JUNE 18, 2024 REQUESTING ADDITIONAL BRIEFING |
| RETURN TO FREEDOM, *et al.* <br>         Petitioners, <br> v. <br><br> DEB HAALAND, *et al.*, <br>         Respondents, <br><br> ROCK SPRINGS GRAZING ASSN., <br>         Intervenor. | |

| FRIENDS OF ANIMALS,<br>    Petitioner, | |
|---|---|
| v. | |
| DEB HAALAND, *et al.*<br>    Respondents, | |
| ROCK SPRINGS GRAZING ASSN.,<br>    Intervenor. | |

Comes now the Respondent-Intervenor Rock Springs Grazing Association (RSGA), to address the questions posed in the Order of June 18, 2024 Requesting Additional Briefing, ECF No. 64. This Court directed the parties to address two questions:

> (1) whether the recent scoping statement constitutes a final agency action for the purposes of the underlying action; and (2) what impacts, if any, do these recent actions have upon the parties' respective arguments.

*Id*.

RSGA shows that a Bureau of Land Management (BLM) Notice of Scoping is not final agency action, but only informal public communication seeking comment on some future but, as yet largely undetermined, agency action. The lack of information in the Notice of Scoping also means that the possibility of future wild horse gathers after years of inaction does not affect RSGA's arguments in this case or in the case of *Rock Springs Grazing Association v. Department of the Interior, et al.*, 2:23-CV-048, set for argument before this Court on July 16, 2024. In fact, the timing of the Notice of Scoping is, at best, a red herring and, at worst, a ham-handed effort to moot the RSGA lawsuit based on the flawed premise that the prospect of future wild horse

~ 3 ~

gathers constitutes compliance with the law. This notice lies outside the administrative record and its lack of finality makes it irrelevant.

## I. SCOPING NOTICE HAS NO BEARING ON THE ISSUE OF FINAL AGENCY ACTION OR RIPENESS

### A. A Notice of Possible Future Action Falls Far Short of Final Agency Action

In a letter dated June 7, 2024, BLM announced that it would prepare "a gather plan to remove excess wild horses from Herd Areas that were previously designated as the Great Divide Basin, Salt Wells Creek and Adobe Town Herd Management Areas (HMAs)." ECF No. 63-1 at 1. BLM estimates the gathers would involve an estimated 4,786 wild horses apparently subtracting from that number the 586 wild horses to be gathered from the White Mountain Herd Management Area. *Id.*; *see also RSGA v. Dept. of the Interior*, 2:23-CV-0048, ECF No. 61 at 14 (*citing* to A.R. RSGA-001396 (BLM Announcement Feb. 21, 2024)). There is no information regarding when or where these wild horses will be gathered, where they will be kept, or the duration of the gathers.

The APA limits judicial review to "final agency action." 5 U.S.C. §704. Finality requires, at a minimum, a decision that constitutes "the consummation of the agency decisionmaking process" and agency action from "which legal consequences flow" or "rights and obligations have been determined." *Bennett v. Spear*, 520 U.S. 154, 177-178 (1997) (holding biological opinion represented agencies' final position with impacts on the landowner legal rights); *see also U.S. Army Corps of Eng. v. Hawkes*

*Co., Inc.*, 578 U.S. 590, 597-598 (2016) (holding the Waters of the US jurisdictional determination was final for purposes of a coal mine permit).

BLM policy guidance also proves that the notice of scoping is the beginning of a decision, not a final decision with legal consequences. The BLM Handbook on the National Environmental Policy Act (NEPA) explains:

> Scoping is the process by which the BLM solicits internal and external input on the issues, impacts, and potential alternatives that will be addressed in an EIS or EA as well as the extent to which those issues and impacts will be analyzed in the NEPA document.

H-1790-1, §6.3 (2008). "External scoping can be used to identify coordination needs with other agencies; refine issues through public, tribal and agency feedback on preliminary issues; and identify new issues and possible alternatives." *Id.* at § 6.3.2; *see also id.* at § 6.9.1.

The BLM Notice of Scoping to gather wild horses from the former herd management areas is the first of several future informational communications to the public. It precedes the draft environmental assessment, the final environmental assessment, plus any Finding of No Significant Impact. A decision for agency action is only final when the Rock Springs Field Manager signs the Decision Notice. *Id.* at § 8.5. The notice of scoping is, therefore, no more than the first step to a final decision and is not final agency action.

In contrast to the decisions defining final agency action, the notice of scoping announces a possible, future, and undefined proposal to gather wild horses. It is only the beginning, not the consummation of, a decision process. There is no decision that would affect legal rights or responsibilities of the petitioners or plaintiffs in this

matter. The current facts differ from those of *True Oil LLC v. Bureau of Land Management*, where property rights were affected when BLM required a drilling permit to traverse the federal mineral estate and drill the private minerals. *True Oil LLC v. Bureau of Land Mgmt.*, 2023 WL 8459175 at p. 2-3 (D. Wyo. Oct. 30, 2023) (*appeal pending*) (BLM's determination affected a property right which rendered the decision to require the drilling permit reviewable).

      B.      <u>BLM Scoping Notice Does Not Change Ripeness Analysis</u>

In its Opening Brief, Respondents, the Department of the Interior, *et al.*, argued that the case is not ripe because the wild horse plan amendment has not been implemented. ECF No. 54 at 32-34. The ripeness analysis complements the final agency action analysis and looks at the fitness of the issues for decision and burden on the parties by requiring them to wait until there is additional agency action. *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732-733 (1998) (*citing Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-149 (1967)). In *Ohio Forestry Ass'n*, the Supreme Court held that a challenge to a management plan, which classified national forest land for future timber sales, was not ripe in the absence of timber sale approvals. *Id.* at 733-738.

The scant information in the four-page Notice of Scoping makes it clear that the relevant issues for a wild horse gather are not fleshed out and that it will be months, if not years, before BLM does so. As one example, the BLM relies on outdated estimates of wild horse numbers and without updated location since it has not completed an infra-red census since the fall of 2022. The removal area includes the

Checkerboard of 2.1 million acres and other public lands. The lack of information in the notice and ambiguity makes it clear that the Notice of Scoping does not change this Court's analysis of the ripeness question.

## II.     IMPACT ON RSGA ARGUMENTS

RSGA intervened in this matter to represent its land interests in the privately-owned sections of the Wyoming Checkerboard and its interests in the grazing permit for the adjacent public land sections. ECF No. 42 at 3-8; *see* ECF No. 42-1. The RSGA Opposition Brief supplemented the history of wild horse management from 1979 to the present, the history of the previous litigation in 1979 and 2011, and the documented long-term impacts of wild horses. ECF No. 56 at 12-25. RSGA established that the BLM's decision to change the HMA classifications was necessary to conform to RSGA's withdrawal of consent to maintain wild horses on the private land Checkerboard sections and to comply with Section 4 mandates to remove wild horses from private lands. *Id.* at 25-31. The plan amendment is also consistent with BLM public land decisions regarding Greater sage grouse habitat and regulations imposing minimum rangeland health standards. *Id.* at 38-40; *see* 43 C.F.R. § 4180.2.

RSGA also notes that the abrupt release of the Notice of Scoping just five weeks before oral argument in this case seems suspect. Until this notice, BLM insisted it would not gather the wild horses notwithstanding the 3,386 wild horses recorded on the Checkerboard in the removal area and adjacent public lands in the November 2022 infra-red census. *See RSGA v. Dept. of the Interior, et al.*, 2:23-CV-0048, ECF No. 52 (*citing* A.R. RSGA-000893-000908). BLM estimates that 4,876 wild horses

need to be removed based on a 20% increase in wild horse numbers for each of the past two years (2023 and 2024). ECF No. 63-1. Announcing planned gathers seems calculated to obscure BLM's previous inaction while not actually committing the agency to any gather. BLM can be expected to claim the notice is part of making arrangements to remove wild horses without actually removing a single wild horse. The timing and ambiguity support disregarding this development entirely.

June 28, 2024.

Respectfully submitted,

/s/ Constance E. Brooks
Constance E. Brooks (*pro hac vice*)
cbrooks@fwlaw.com
Danielle Bettencourt
(WY Bar No. 8-6782)
dbettencourt@fwlaw.com
FAIRFIELD & WOODS, P.C.
1800 California Street, Suite 2600
Denver CO 80202-2645
P: (303) 894-4431
F: (303) 830-1033

Galen West (WY Bar No. 5-1453)
West Law Office, P.C.
P.O. Box 1020
Rock Springs, WY 82902
galen.west@westlawofficepc.com
P: (307) 362-3300

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2024 I electronically filed the foregoing Respondent-Intervenor's Responses to Request for Supplemental Briefing with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all counsel of record.

/s/ Constance E. Brooks
CONSTANCE E. BROOKS