Travis Jordan, WSB No. 7-5721
Senior Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Ph: 307-777-7895
travis.jordan@wyo.gov

*Attorney for Intervenor-Respondent*
*State of Wyoming*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AMERICAN WILD HORSE CAMPAIGN, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> TRACY STONE-MANNING, *et al.*, <br><br> Respondents, <br><br> and, <br><br> STATE OF WYOMING, *et al.*, <br><br> Intervenor-Respondent. | Case No. 2:23-cv-00084-KHR (Lead) <br><br> **THE STATE OF WYOMING'S BRIEF IN RESPONSE TO THE COURT'S ORDER REQUESTING ADDITIONAL BRIEFING (ECF_64)** |
| RETURN TO FREEDOM, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> DEB HAALAND, *et al.*, | Case No. 23-cv-00087-KHR (Joined) |

|  |  |
|---|---|
| Respondents.<br><br>FRIENDS OF ANIMALS,<br><br>Petitioners,<br><br>v.<br><br>DEB HAALAND, *et al.*,<br><br>Respondents. | Case No. 23-cv-00117-KHR<br>(Joined) |

Pursuant to this Court's Order Requesting Additional Briefing (ECF_64), the State of Wyoming respectfully submits the following response.

## INTRODUCTION

The Petitioners in this case challenged the Bureau of Land Management's Green River and Rawlins Resource Management Plan (RMP) Amendment re-designating wild horse management areas across a broad landscape in south-central Wyoming. (*See* ECF_1 at ¶1). In the Bureau's own words, the RMP Amendment "does not authorize any specific action to control herd size or population growth." (RMPA001635). Although the Petitioners' merits briefs sought to characterize the challenged decision as a wild horse *removal* decision, the State's briefing explained why the RMP Amendment is not a self-executing action that removes wild horses from public lands. (*See* ECF_55 at 13-16). In other words, any actual wild horse removals under the challenged RMP Amendment require the Bureau to make subsequent and distinct implementation decisions.

The June 7, 2024, scoping notice confirms what the Bureau stated in the FEIS and what the State argued in its merits brief — the challenged RMP Amendment does not constitute a removal decision. In its scoping notice, the Bureau only initiated a decision-making process by announcing a 30-day public comment period.[1] (Scoping Statement at 1). Those comments will inform the Bureau's forthcoming analysis "associated with the gather and removal of all excess wild horses." (*Id.*). The Bureau's scoping notice was also no surprise because the Parties jointly informed the Court in September 2023 that the Bureau might make an implementation decision "as early as August 2024." (ECF_37 at 2).

The Bureau's scoping notice, however, is not a final agency action because it does not represent the consummation of the agency's decision-making process and is not action that any of the Petitioners challenged in their petitions for review. The Bureau's scoping announcement only confirms what the Parties previously stated might occur and reinforces the fact that the RMP Amendment, in and of itself, does not remove wild horses from the planning area. Accordingly, the Bureau's scoping notice does not impact existing arguments nor does it warrant additional briefing on the Petitioners' challenge to the RMP Amendment.

---

[1] Bureau of Land Management, Rock Springs Field Manager, Scoping Statement (June 7, 2024), https://eplanning.blm.gov/public_projects/2032715/200616710/20113414/251013405/Wild%20Horse%20Gather%20Scoping%20Statement%202024%20(Signed).pdf (hereinafter "Scoping Statement").

## DISCUSSION

The scoping notice is not before this Court for review and the Bureau's announcement does not impact the substance of the Parties' existing arguments on the lawfulness of the RMP Amendment. In this Court, parties seeking review of an agency action are required to identify "the final agency action or part thereof being challenged." U.S.D.C.L.R. 83.6(a)(1)(A). Here, the Petitioners only challenged the Bureau's RMP Amendment. (ECF_1 at ¶1) (Compl.); *Friends of Animals v. Haaland*, Case No. 2:23-cv-117 (D. Wyo.) (ECF_1 at ¶3) (Compl.); *Return to Freedom v. Haaland*, Case No. 2:23-cv-87 (D. Wyo.) (ECF_1 at ¶¶2, 6) (Compl.). Their requested relief similarly only seeks vacatur of the RMP Amendment. (*Id.* at 41; *Id.* at 29-30; *Id.* at 26-27). Even if the Petitioners had challenged the Bureau's anticipated gather, the scoping notice is not a judiciable final agency action.

**I.    The scoping notice is not a final agency action.**

The Parties do not dispute that this Court's review is governed by the Administrative Procedure Act (APA). (*See* ECF_50 at 17-18; ECF_51 at 18; ECF_54 at 29-31; ECF_55 at 12). Under the APA, courts may only review a "final agency action." 5 U.S.C. § 704. An agency action is final if it meets two conditions: (1) it "mark[s] the consummation of the agency's decisionmaking process;" and (2) it is an action "by which rights or obligations have been determined, or from which legal consequences will flow." *Kansas ex rel. Schmidt v. Zinke*, 861 F.3d 1024, 1031

(10th Cir. 2017) (citing *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). The Bureau's scoping notice does not fulfil either requirement.

The scoping announcement only marks the beginning of the Bureau's decision-making process. *See* 40 C.F.R. § 1501.9(a) (recognizing that an agency's scoping is an "early and open process" used to prepare environmental analysis). The Bureau is merely soliciting public comment on its proposal in anticipation of its supporting NEPA analysis. (Scoping Statement at 1). As the notice explains, "scoping activities are initiated early in the process to identify reasonable alternatives to be evaluated in the EA." (*Id.* at 2). Therefore, the Bureau is not even close to making a decision, let alone one that consummates the gather process.

Additionally, no legal consequences flow from the Bureau's announcement. Because the scoping process is designed to facilitate comment on the Bureau's range of alternatives, the Bureau has not yet even committed to conducting any gathers. (*See* Scoping Statement at 2); (*see also* 40 C.F.R. § 1501.9(e) (explaining how scoping facilitates the agency's range of alternatives). Nonetheless, the Bureau's subsequent decision to conduct a gather is not a final agency action until its environmental assessment is complete and the appropriate decision document is issued. *See Caddo Nation of Okla. v. Wichita and Affiliated Tribes*, 786 Fed. Appx. 837, n. 7 (10th Cir. 2019) (discussing that it was uncontested that an environmental assessment accompanied by the agency's Finding of No Significant Impact was a

judiciable final agency action); *see also* 40 C.F.R. § 1501.6 (Findings of No Significant Impact).

Other courts agree that scoping activities do not constitute a final agency action. *See, e.g., Cent. Delta Water Agency v. U.S. Fish & Wildlife Serv.*, 653 F.Supp.2d 1066, 1092 (E.D. Cal. 2009) (recognizing that even the completion of the scoping process was not a reviewable final agency action because the announcement "mark[s] the infancy, not the termination, of the NEPA process."); *Muhly v. Espy*, 877 F.Supp. 294, 301 (W.D. Va. 1995) (granting motion to dismiss mandamus claim to "reopen" scoping period because no final agency action had taken place). Therefore, even if the Petitioners had challenged the Bureau's subsequent decision to conduct a gather, a scoping notice is not a reviewable final agency action.

**II.    The scoping announcement does not warrant additional briefing.**

The Bureau's decision to adopt the RMP Amendment is a discrete and separate agency action from its subsequent actions to implement the land use plan. *See Am. Wild Horse Campaign v. Bernhardt*, 442 F.Supp.3d 127, 147-51, 153-55 (D.D.C. 2020) (evaluating the Bureau's wild horse RMP Amendment as a different final agency action from its successive gather decision which was its own final agency action and finding the plaintiffs were time barred from challenging the RMP Amendment). Thus, any effort to raise and litigate a new claim based on the Bureau's anticipated gather is not only inappropriate but that challenge is not prudentially ripe.

6

*See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005) (recognizing that "[s]tanding is determined as of the time the action is brought."); *see also Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that with respect to standing, courts generally "look to when the complaint was first filed, and not to subsequent events").

Here, the Petitioners' challenge to the RMP Amendment is fully briefed for this Court's consideration. The Parties' proposed scheduling order anticipated that the Bureau might prepare for a wild horse gather in 2024 and the Parties jointly stated that "[t]he proposed briefing schedule presented below was negotiated with the intent of allowing the Court the opportunity to issue a ruling on the merits prior to August 2024." (ECF_37 at 3). The scoping notice merely confirms those previously-stated intentions and reinforces the fact that the challenged RMP Amendment does not actually remove wild horses — it only establishes the management framework for wild horses in the planning area.

## CONCLUSION

For the foregoing reasons, the Bureau's June 7, 2024, scoping statement is not a final agency action and that announcement does not change the Parties' merits arguments with respect to the Bureau's RMP Amendment.

Dated this 28th day of June, 2024.

/s/ *Travis Jordan*
Travis Jordan, WSB No. 7-5721
Senior Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
travis.jordan@wyo.gov

*Counsel for Intervenor-Respondent State of Wyoming*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2024, I electronically filed the foregoing with the Clerk by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Travis Jordan*
Travis Jordan